Homer **CLINE** et al., Appellants,

v.

Nancy **SMITH** et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1958.

Rehearing Denied Oct. 3, 1958.

Charles E. Lowe, Pikeville, for appellants.

V. R. Bentley, Pikeville, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment fixing a boundary line between the property of appellants and appellees. Appellants ask reversal on the ground that the matter had been finally adjudicated in a prior proceeding. Appellees, by cross-appeal, attack the judgment on evidentiary grounds. The controversy involves most unusual procedure.

In 1950 one Blankenship brought suit against appellees to have adjudicated the proper location of their common boundary line. Proof was taken, the case was submitted, and a judgment was entered in August 1954. Appellees filed a motion for a new trial.

While that motion was pending appellees acquired a new lawyer, and in July, 1955 filed an independent action in the same circuit court against appellants (who in the meantime had purchased the Blankenship property). This new proceeding presented the identical issue which had theretofore been adjudicated. The new complaint, however, stated that the former judgment was void because: one of the appellees was in poor health; this appellee did not have notice of the trial, or of the judgment until several days after it was entered; the judge who tried the case was not familiar with the evidence; and the court made a mistake when it decided the case adversely to appellees.

Appellants promptly filed a motion to dismiss this complaint on the ground that the matter had been adjudicated in the original action, and that the former action (then pending on a motion for a new trial) constituted a bar to the new proceeding. The trial court overruled this motion and proceeded to re-try the entire controversy de novo. (The Pike Circuit Court has two judges. One judge tried the first suit, the other judge tried the second.)

A new judgment was entered. This judgment recognized that the new suit was "a continuation of the dispute intended to be settled by the (former) judgment". It recited that it was the "intention" of the former judgment that appellants should gain and appellees should lose the principal tract in controversy. It thereupon fixed a new boundary line based upon new evidence in the second suit.

The last judgment did not set aside the former judgment, and on the records of the Pike Circuit Court there are now outstanding two different judgments adjudicating the location of the boundary line between appellants' and appellees' property. (The motion for a new trial in the original action was overruled prior to the entry of this

last judgment.) As suggested earlier, we are somewhat baffled by this procedure.

 In this record we can find no justifiable ground for entertaining the second suit. Taking a most liberal view that the second suit was in effect a motion for a new trial under CR 60.02, the "complaint" did not allege any sufficient ground under that rule. If we assume that sufficient grounds were alleged, there is not a line of proof to justify the setting aside of the former judgment or granting a new trial. The principal basis of the second suit was that the circuit judge originally deciding the controversy committed error in finding for appellants. The accepted procedural device for correcting such error is to appeal to this Court. It is not proper to take such an appeal to a different branch of the same court (with a different judge) and thereby have the matter re-determined in a trial de novo, which is exactly what happened in this case.

A further objectionable feature is apparent. Before the trial court may proceed to re-try a case in which a judgment has been entered, it is obvious that that judgment must be set aside. As long as it is outstanding the matter is res judicata and constitutes a bar to further proceedings. The primary question presented by appellees' "complaint" was whether or not the former judgment should be set aside. This issue was never decided, and as heretofore pointed out, there was no evidence whatever to justify setting it aside.

We believe the circuit judge in good faith attempted to do justice between these parties, but unfortunately even appellees still feel that a "mistake" has been made in adjudicating their rights. Neither party is satisfied with the second judgment.

The Civil Rules provide ample remedies for correcting allegedly erroneous judgments. The course pursued here is not one of those prescribed, and if permitted would seriously impair the orderly administration of justice. Appellees' rights were finally and fairly adjudicated in a proceeding that was pending in court for four years. We can find no justification in the record to grant a new trial, to set aside the original judgment, or to enter a new one (even though the new one substantially confirmed the original).

The judgment is reversed on the original appeal and affirmed on the cross-appeal, with directions to set it aside and to dismiss appellees' complaint.